PROB 12B
(7/93)

# United States District Court

for

*District of Guam*

FILED
DISTRICT COURT OF GUAM
MAR 26 2007
MARY L.M. MORAN
CLERK OF COURT

**Report for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: **Rafael Taitano**                Case Number: **CR 03-00096-001**

Name of Sentencing Judicial Officer:    Honorable Robert M. Takasugi

Date of Original Sentence:    July 11, 2005

Original Offense:    Possession with Intent to Distribute Crystal Methamphetamine a.k.a. "Ice," in violation of 21 U.S.C. § 841(a)(1).

Original Sentence:    27 months imprisonment followed by an eight (8) year term of supervised release with conditions: not commit another federal, state, or local crime; not illegally possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter; not possess a firearm, ammunition, destructive device, or any other dangerous weapon; cooperate in the collection of DNA; comply with the standard conditions of supervision; participate in a program approved by the Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol; refrain from the use of all alcoholic beverages; perform 200 hours of community service; and pay a $100 special assessment fee.

Type of Supervision: Supervised Release        Date Supervision: March 9, 2007

## PETITIONING THE COURT

☐ To extend the term of supervision _____ years, for a total term _____ years.

☒ To modify the conditions of supervision as follows:

1.  The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

Report for Modifying the
Conditions or Term of Supervision with
Consent of Offender                                                                                       page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Mr. Taitano's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is Mr. Taitano's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to Mr. Taitano. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests Mr. Taitano must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Mr. Taitano tested negative for drug use on tests conducted during his pre-release and since commencement of supervision. He has been referred to attend drug treatment and testing, and is set to commence his community service requirement on April 1, 2007. In addition, Mr. Taitano is gainfully employed, has satisfied his $100 special assessment fee, and submitted to a DNA sample of his blood while in the custody of the Bureau of Prisons.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Taitano's consent to the modification.

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader
Date: 3/23/07

Respectfully submitted,

by: JOHN W. SAN NICOLAS II
U.S. Probation Officer
Date: March 23, 2007

**THE COURT ORDERS**

☐ No Action

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

☐ Other

RECEIVED
MAR 23 2007
DISTRICT COURT OF GUAM
HAGATNA, GUAM

HON. FRANCES M. TYDINGCO-GATEWOOD
Chief Judge
District of Guam
3/26/07
Date

PROB 49
(3/89)

# United States District Court

District  Guam

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

Witness _____  Signed _____
U.S. Probation Officer                              Probationer or Supervised Releasee

3·15·07
Date